

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRYL BELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0141 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY
### PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a December 20, 2006 prison disciplinary proceeding and the resultant loss of 180 days good time credit. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, June 5, 2007,[1] petitioner was still incarcerated at the Clements Unit.

Petitioner is in the lawful custody of respondent pursuant to judgments and sentences of the 174th District Court in Harris County, Texas. In Cause No. 594353, petitioner was found guilty of the offense of delivery of a controlled substance–cocaine, and on July 24, 1991, petitioner was sentenced to a term of forty-five years imprisonment. In Cause No. 607025, petitioner was found

---

[1]*See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

guilty of two counts of aggravated assault. On March 4, 1992, petitioner was sentenced to a term of thirty years imprisonment on count two, to be served consecutive to his sentence in Cause No. 594353. On March 6, 1992, petitioner was sentenced to a term of thirty years imprisonment on count one, to be served concurrently with his sentence on count two. In addition to petitioner's sentences on his Harris County convictions, on October 11, 1996, petitioner was sentenced to a term of four years imprisonment on a conviction for retaliation, to be served consecutive to his sentences in Cause No. 607025.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits.[2] *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In Texas, "an inmate serving consecutive sentences is not eligible for release to mandatory supervision on any but the last of his consecutive sentences." *Ex parte Ruthart*, 980 S.W.2d 469, 473 (Tex.Crim.App. 1998); *see also Ex parte Cowan*, 171 S.W.3d 890, 894 (Tex.Crim.App. 2005) (reaffirming that court's holding in *Ruthart*).[3] Here, petitioner is subject to two consecutive sentences upon completion of his current sentence. As petitioner is <u>not</u> eligible for mandatory supervised release on his current sentence, he is not entitled to any federal habeas corpus relief.

---

[2] When an inmate is eligible for release to mandatory supervision, he has a liberty interest in good time credits earned because such credits provide the possibility of an earlier release from prison. *Madison v. Parker*, 104 F.3d 765, 768-69 (1997) (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). On the other hand, if an inmate is not eligible for mandatory supervision, no liberty interest arises because good time will not mandatorily cause his sentence to cease operating any sooner. *See id.*

[3] In this habeas case, unlike the petitioner in *Ruthart*, petitioner is not challenging the operation of his sentences. Petitioner here merely challenges the procedure and outcome of a prison disciplinary case. Therefore, this Court makes no ruling as to the operation, or the cessation thereof, of any of petitioner's sentences.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DARRYL BELL be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>13th</u> day of May 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this

report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).